IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUMICO LIFE INSURANCE COMPANY,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ARCHIE VLADO, SALLY GREEN, and JOHN DOE,<br><br>　　　　　　Defendants. | Case No. |

## CIVIL ACTION COMPLAINT

Plaintiff Lumico Life Insurance Company ("Lumico"), by and through its undersigned attorneys, hereby files this Complaint against Defendants Archie Vlado, Sally Green, and John Doe for declaratory judgment and damages. In support thereof, Lumico avers as follows:

## INTRODUCTION

1. Lumico seeks a Declaratory Judgment under 28 U.S.C. § 2201 to establish its rights and obligations under a life insurance policy insuring the life of Defendant Sally Green (the "Insured"). Lumico also seeks damages pursuant to New Jersey's Insurance Fraud Prevention Act.

2. In 2019, Lumico received an electronic application for a $500,000 policy of life insurance on the Insured's life. Based upon the answers and information that the Insured purportedly provided in the application, Lumico issued the policy to the Insured. Ownership of the policy was subsequently transferred from the Insured to Defendant Archie Vlado ("Vlado").

3. In 2022, Vlado submitted a claim for accelerated death benefits under the policy to Lumico on the basis that the Insured was terminally ill. After receiving Vlado's claim, Lumico discovered discrepancies between the information provided on the application and the information that Lumico received and gathered to evaluate the claim. For instance, although the application

stated that the Insured was an Ohio resident and a non-smoker, Lumico discovered that the Insured never lived in Ohio and had been a daily smoker for the past 40+ years.  Furthermore, the application stated that the Insured had not received medical treatment for, inter alia, respiratory or circulatory disorders in the past 5 years, but the Insured's medical records stated that she had a medical history of blood clots, hypertension, liver disease, and lung problems, including COPD.

4. Upon information and belief, the Insured did not complete the application for the policy.  Rather, impostors who were aware that the Insured was in dire health posed as the Insured and misrepresented the Insured's health condition and personal information on the application for the policy to procure the policy and ultimately obtain the policy's death benefit.

5. Upon information and belief, Defendants Vlado and John Doe and/or their agents are the impostors who fraudulently completed and submitted the application to obtain a life insurance policy on the Insured to benefit from the Insured's death.

6. There is an actual controversy of a justiciable nature concerning the rights and obligations of the parties under the subject life insurance policy.  In addition, Lumico is entitled to actual damages due to fraud in the application for the policy and in the submission of a claim for accelerated death benefits.

**PARTIES**

7. Lumico is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business in Armonk, New York.  Lumico is duly licensed to transact business in the State of New Jersey but is a citizen of Missouri and New York.

8. Upon information and belief, Defendant Archie Vlado resides at 210 North Harvard Avenue, Ventnor City, New Jersey 08406, and is therefore a citizen of New Jersey.

9. Upon information and belief, Defendant Sally Green resides at 6302 Winchester

Avenue, Unit GFL, Ventnor City, New Jersey 08406, and is therefore a citizen of New Jersey.

10. Upon information and belief, Defendant John Doe resides in and is a citizen of Ohio or New Jersey.

## JURISDICTION AND VENUE

11. This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(a)(1), because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

12. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this judicial district.

## BACKGROUND

**A.     Application and Issuance of Policy**

13. On May 16, 2019, Lumico received an electronic application for a $500,000 policy of life insurance with an accelerated death benefit rider on the Insured's life. *See* Ex. A at 22-27.

14. The application solicited information regarding the Insured, including information regarding the Insured's health/medical condition. *See id.* at 22-25. The purpose of these questions was to allow Lumico to evaluate whether the Insured was eligible for the applied-for coverage.

15. The individual(s) who completed and submitted the application represented that the Insured was an Ohio resident and a non-smoker who had not received medical treatment for certain medical conditions in the past five years. *Id.*

16. For example, the individual(s) who completed and submitted the application answered "No" to each of the following questions:

> In the last 12 months, how often have you used a tobacco product (excluding celebratory cigar use less than 4 times a year)?

> In the past 2 years, for any condition (other than childbirth), have you been admitted to or confined in a hospital, nursing home, extended care or special treatment facility for greater than 3 days, or have you been diagnosed by a member of the medical profession with a terminal condition (terminal condition means a medical condition resulting from injury or illness that is reasonably expected to result in the drastically limited life span of the insured within 12 months or less), or have you needed help with dressing, eating, walking or breathing (including the use of oxygen)?
>
> In the past 5 years, have you (a) received treatment by a member of the medical profession for, or (b) been diagnosed or been advised by a member of the medical profession to seek treatment for, or (c) consulted with a health care provider regarding:
>
> > (a) Dementia, schizophrenia, attempted suicide or have been hospitalized or missed more than 1 week of work as a result of anxiety, depression, or bipolar disorder?
> > (b) Cirrhosis, Hepatitis C, stroke, brain tumor, leukemia, or cancer? (Answer NO if you ONLY have basal or squamous cell skin cancer)
> > (c) Central Nervous Disorder, Amyotrophic Lateral Sclerosis (ALS), chronic kidney disease, respiratory disorder, heart or circulatory disorder? (Answer NO if you ONLY have asthma or high blood pressure)
> > (d) Uncontrolled diabetes or diabetes-related complications such as hypoglycemia, retinopathy, neuropathy, cerebrovascular or peripheral vascular disease?

Ex. A at 24-25.

17. By signing the application, the applicant affirmed that the answers and statements on the application were provided by the Insured and were "true and complete to the best of [the Insured's] knowledge and belief." Ex. A at 27.

18. On May 16, 2019, in reliance on the answers and statements in the application and the belief that the Insured had provided such answers and statements, Lumico issued Policy No. G0570138 insuring the life of the Insured. *See* Ex. A. The face amount of the policy was $500,000, the owner of the policy was the Insured, and the beneficiary of the policy was Defendant Archie Vlado, who was purportedly the Insured's son.

19. On September 28, 2020, the owner of the policy was changed from the Insured to

Vlado.

B.  **Claim for Accelerated Death Benefits**

20. Pursuant to the policy's accelerated death benefit rider, the owner of the policy may receive up to 50% of the policy's death benefit (i.e., $250,000) if Lumico receives sufficient proof that the Insured has a "Terminal Condition," which is defined as "a medical condition resulting from injury or illness that is reasonably expected to result in the drastically limited life span of the Insured within 12 months or less." *See id.* at 19.

21. On June 20, 2022, Vlado submitted a claim for $250,000 in accelerated death benefits on the grounds that the Insured had been diagnosed on August 9, 2021 with, inter alia, advanced centrilobular pulmonary emphysema,[1] and hemoptysis and malignant neoplasm of lower left lung.

22. Thereafter, Lumico conducted a review of the claim, including a review of the medical records of the Insured that Vlado provided to Lumico. Upon review, Lumico discovered (1) that the application for the policy contained at least one, but likely several, material misrepresentations regarding the Insured's health condition, and (2) that the Insured likely did not complete the application and was unaware of the policy's existence.

23. For instance, the application stated that the Insured had not smoked cigarettes in the past 12 months (*see supra* ¶ 16), but the Insured's medical records stated that the Insured had smoked a pack of cigarettes per day since age 16. If the application had truthfully disclosed that the Insured was a chronic smoker, Lumico would not have issued the policy.

24. The application also stated that the Insured had not received medical treatment for, inter alia, respiratory or circulatory disorders in the last 5 years. However, the Insured's medical

---

[1] Centrilobular emphysema is a long-term, progressive lung disease that is considered to be a form of chronic obstructive pulmonary disease (COPD). *See* https://www.healthline.com/health/copd/centrilobular-emphysema.

records stated that the Insured had a history of lung problems, liver disease, blood clots and COPD. Upon information and belief, those conditions pre-dated the application for the policy.[2] Had these conditions been disclosed on the application, Lumico would not have issued the policy.

25. Lumico also discovered that the application did not accurately state the Insured's personal information. For instance, the application stated that the Insured was an Ohio resident and that the Insured's family status was "Couple w/ Kids" (*see* Ex. A at 22), but Lumico discovered that the Insured never lived in Ohio—at all material times, the Insured was a New Jersey resident—and that the Insured's husband had passed away before the application was completed.

26. Although the Insured never lived in Ohio, the internet protocol address associated with the device that was used to complete and submit the electronic application originated in Ohio.

27. Based on the extent of the misrepresentations in the application and the likelihood that the Insured was in dire health at the time the application was completed, Lumico alleges that the Insured was not involved in or aware of the procurement of the policy. Rather, impostors who were aware that the Insured was in dire health posed as the Insured to procure the policy and benefit from the Insured's death.

28. Upon information and belief, Defendants Vlado, John Doe, and/or their agents are the impostors who knowingly, intentionally and fraudulently completed and submitted the application and misrepresented the Insured's health condition and personal information on the application to induce Lumico to issue the applied-for coverage.

29. Had Lumico known of the Insured's true health condition and/or that the application was not submitted by the Insured or with the Insured's consent, Lumico would not have issued the policy.

---

[2] Lumico has not been able to confirm when these conditions were first diagnosed because the HIPAA authorization form that Vlado provided to Lumico was signed by Vlado, not the Insured.

## COUNT I

## DECLARATORY JUDGMENT
## <u>POLICY IS VOID</u>
### (All Defendants)

30. Lumico hereby incorporates by reference each of the averments in the above paragraphs as if set forth herein at length.

31. Upon information and belief, the Insured did not complete the application, provide the answers on the application, or consent to the submission of the application. Because the Insured was not involved in the procurement of the Policy and did not consent to the Policy, there was no meeting of the minds between Lumico and the Insured.

32. Under New Jersey law, an insurance policy that is obtained by an impostor is not a valid contract due to the lack of a meeting of the minds. *See Fioretti v. Massachusetts Gen. Life Ins. Co.*, 53 F.3d 1228, n.22 (11th Cir. 1995) (decided under New Jersey law); *see also Strawbridge v. New York Life Ins. Co.*, 504 F. Supp. 824, 830 (D.N.J. 1980) ("it is a well-established principle of insurance law that the [incontestability] clause does not bar such proof [of imposture]."). Accordingly, the Policy was not a valid contract.

33. Upon information and belief, the application was completed and submitted by Defendants Vlado and/or Doe and/or their agents.

34. In the application, Defendants Vlado and/or Doe and/or their agents knowingly, intentionally, and fraudulently misrepresented (a) the Insured's health history and personal information, including misrepresenting that the Insured was a non-smoker, and (b) that the application was completed and submitted by the Insured.

35. Upon information and belief, the persons who completed and submitted the application for the policy may have lacked an insurable interest in the Insured's life.

36. Had the application contained truthful and accurate information, Lumico would have declined the application because the Insured was ineligible for coverage due to her health conditions and/or because the application was submitted by someone other than the Insured and without the Insured's consent.

37. The misrepresentations were fraudulent and material to Lumico's decision to issue the policy.

38. Because there was not a meeting of the minds sufficient to form a valid policy, and because the policy was issued based on fraudulent and material misrepresentations in the application upon which Lumico justifiably relied, among other reasons, this Court should declare that the policy is void and/or that no benefits are payable to Defendant Vlado. *See Ledley v. William Penn Ins. Co.*, 138 N.J. 627, 635 (1995) ("even after the expiration of the contestability period an insurer may deny a claim if the insured committed fraud in the policy application."); *see also Vasquez v. Glassboro Serv. Ass'n Inc.*, 83 N.J. 86, 98, 415 A.2d 1156, 1162 (1980) ("[N]o contract can be sustained if it is inconsistent with the public interest or detrimental to the common good."); *Hebela v. Healthcare Ins. Co.*, 370 N.J. Super. 260, 266, 851 A.2d 75, 80 (2004) ("[O]ur courts will decline to enforce an insurance policy, like any other contract, if its enforcement would be contrary to public policy.").

**WHEREFORE**, Lumico respectfully requests that this Court enter an order declaring that Policy No. G0570138 is void, that no benefits are payable, and that Lumico is entitled to judgment in its favor together with costs and counsel fees.

## COUNT II

## VIOLATIONS OF
## NEW JERSEY'S INSURANCE FRAUD PREVENTION ACT
(Defendants Archie Vlado and John Doe)

39. Lumico hereby incorporates by reference each of the averments in the above paragraphs as if set forth herein at length.

40. Lumico brings a private cause of action against Defendants Archie Vlado and John Doe under N.J.S.A. § 17:33A-7(a), part of New Jersey's Insurance Fraud Prevention Act, N.J.S.A. § 17:33-A *et seq*.

41. Defendants Vlado and Doe violated N.J.S.A. §§ 17:33A-4a(4) and (6) by presenting and/or conspiring to present false statements to Lumico for the purpose of obtaining a life insurance policy on the Insured, who Defendants were aware was ineligible for life insurance due to her various chronic and significant health conditions.

42. Defendants Vlado and Doe violated N.J.S.A. §§ 17:33A-4a(1-2) by preparing, making, and/or conspiring to make written or oral statements intended to be presented to any insurance company, or in support of any claim for payment or other benefit pursuant to the policy, knowing that the statements contained false or misleading information concerning any fact or thing material to the claim.

43. Defendants Vlado and Doe violated N.J.S.A. § 17:33A-4(a)(3) by concealing or knowingly failing to disclose the occurrence of an event affecting any person's initial or continued right or entitlement to any insurance benefit or payment or the amount of any benefit or payment to which the person is entitled.

44. Defendants Vlado and Doe violated N.J.S.A. § 17:33A-4(a)(5) by concealing or knowingly failing to disclose any evidence, written or oral, that may be relevant to a finding that a violation of N.J.S.A. § 17:33A-4(a)(4) has or has not occurred.

45. Defendant Vlado and Doe's violations of the New Jersey Insurance Fraud Prevention Act entitle Lumico to compensatory damages.

46. Defendants Vlado and Doe have engaged in a pattern of violating the New Jersey Insurance Fraud Prevention Act, entitling Lumico to treble damages under N.J.S.A. § 17:33A-7(b).

**WHEREFORE**, Lumico respectfully requests that this Court enter judgment in Lumico's favor against Defendants Archie Vlado and John Doe, and award Lumico compensatory damages, treble damages, attorney fees and costs, and any other relief this Court deems just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Lumico demands trial by jury in this action for all issues so triable.

Dated:  September 2, 2022                Respectfully submitted,

 s/ *Jason P. Gosselin*
Jason P. Gosselin (N.J. I.D. No. 026731995)
Eric F. Au (N.J. I.D. No. 213302016)
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA  19103
Telephone:  (215) 988-2700
Fax:  (215) 988-2757
Email: jason.gosselin@faegredrinker.com
Email: eric.au@faegredrinker.com

*Attorney for Plaintiff Lumico Life Insurance Company*